# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| THE CALLAWAY BANK, | ) |
| Plaintiff, | ) |
| v. | ) No. 12-4159-CV-C-MJW |
| BANK OF THE WEST, | ) |
| Defendant. | ) |

## ORDER

Before the Court is the motion of defendant Bank of the West to dismiss the claims of plaintiff The Callaway Bank, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff has filed suggestions in opposition, defendant a reply and plaintiff a sur-reply.[1]

This case is in federal court based upon diversity, pursuant to Title 28, United States Code, Section 1332(a)-(c). Plaintiff, a corporation organized and existing under the laws of the State of Missouri, has filed Missouri state law claims against the defendant, a corporation organized and existing under the laws of the State of California. Plaintiff alleges five claims: Count I, Fraud/Conspiracy to Commit Fraud; Count II, Negligent Misrepresentation; Count III, Aiding and Abetting/Encouragement; Count IV, Money Had and Received; and Count V, Unjust Enrichment.

Defendant asserts plaintiff's claims fail to state a claim on which relief may be granted and are barred by the applicable statute of limitations.

Plaintiff argues it has sufficiently pleaded its cause of action timely and, therefore, defendant's motion should be denied.

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires the complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009) (quoting

---

[1] The parties have consented to the jurisdiction of the United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(c).

Bell Atlantic Corp. vs. Twombly, 550 U.S. 544, 570 (2007)). "Detailed factual allegations are not required," Iqbal at 663, but "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level. . . ." Twombly at 555. A complaint states a plausible claim for relief if its "factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal at 663.

In applying these principals, this Court finds Counts I through V of plaintiff's complaint are sufficient to proceed. Though far from comprehensive or conclusive, plaintiff has plead facts sufficient to raise a plausible inference that defendant is liable to plaintiff under Counts I-V. A plaintiff need only allege facts that permit the reasonable inference that the defendant is liable, even if the complaint "strikes a savvy judge that actual proof of the facts alleged is improbable" and recovery "very remote and unlikely." Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009) (citing Twombly at 555). This Court's finding that plaintiff has adequately alleged its claims does not signal that plaintiff will ultimately recover on its claims. To prevail, a plaintiff must prove every element of each claim. See Hamilton v. Palm, 621 F.3d 816, 819 (8th Cir. 2010).

In making this ruling, the Court notes two specific findings. First, on the issue of whether aiding and abetting is or is not recognized by Missouri law, this Court finds Safe Auto Insurance Company v. Hazelwood, __ S.W.3d __, 2013 WL 454886 (Mo. App. S.D.), to be persuasive, and potentially controlling, on this issue. This case affirms the application of the Second Restatement of Torts § 876 concerted action under Missouri law, as previously set forth in Shelter Mut. Ins. Co. v. White, 930 S.W.2d 1, 3 (Mo. App. W.D. 1996).

Second, as to the applicable statute of limitations,[2] this Court finds plaintiff's claim are within the statute of limitations because the relevant date for calculation purposes is August

---

[2] Section 516.120, Missouri Revised Statutes, reads in full as follows: "Within five years: (1) All actions upon contracts, obligations or liabilities, express or implied, except those mentioned in section 516.110, and except upon judgments or decrees of a court of record, and except where a different time is herein limited; (2) An action upon a liability created by a statute other than a penalty or forfeiture; (3) An action for trespass on real estate; (4) An action for taking, detaining or injuring any goods or chattels, including actions for the recovery of specific

2

2008, the date plaintiff was first put on notice of its potential for actionable injuries related to Asbury's fraudulent loan collateral. While section 516.120 of the Missouri Revised Statutes prescribes the time limitations for the filing of civil causes of action, section 516.100 prescribes how to calculate the relevant period of limitation.

Section 516.100 states that "[c]ivil actions … can only be commenced …, after the causes of action shall have accrued; … the cause of action shall not be deemed to accrue when the wrong is done or the technical breach of contract or duty occurs, but when the damage resulting there from is sustained and is capable of ascertainment…." "The phrase 'capable of ascertainment' [as used in section 516.100] has never been given a precise definition." Business Men's Assur. Co. of America v. Graham, 984 S.W.2d 501, 507 (Mo. banc 1999). "It refers to the fact of damage, rather than to the exact amount of damage." Id. "It has been construed to mean 'the moment that plaintiff's damages are substantially complete.'" Id. (quoting Lockett v. Owens–Corning Fiberglas, 808 S.W.2d 902, 907 (Mo.App.1991)).

Here, as long as Asbury was making payments on his loan to plaintiff, plaintiff had no damages, and would have never suffered any damage if Asbury had paid back his loan in full. Thus, prior to Asbury's default, damages on plaintiff's claims were not ascertainable. Further, while theoretically, plaintiff could have discovered earlier that Asbury's collateral for the loan was fraudulent; nothing in the pleadings indicates plaintiff was aware of facts that put it on notice before August 2008 that it had the potential actionable injuries alleged in this case. The holding and discussion set forth in the Missouri Supreme Court case, Powel v. Chaminade College Preparatory, Inc., 197 S.W.3d 576 (Mo. 2006), is consistent with this Court's finding that plaintiff's damages did not become ascertainable until the time of Asbury's default on plaintiff's loan. Powel discusses several factual scenarios similar to those in the instant action, in which the court affirmed that the statute of limitations had not expired.

---

personal property, or for any other injury to the person or rights of another, not arising on contract and not herein otherwise enumerated; (5) An action for relief on the ground of fraud, the cause of action in such case to be deemed not to have accrued until the discovery by the aggrieved party, at any time within ten years, of the facts constituting the fraud."

3

For the reasons set forth above,

IT IS ORDERED that the motion of defendant Bank of the West to dismiss is denied.

[10]

Dated this 25th day of March, 2013, at Jefferson City, Missouri.

/s/ *Matt J. Whitworth*

MATT J. WHITWORTH
United States Magistrate Judge

4